# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

MICHAEL DE'ANGELO DUNLAP                                                                         PLAINTIFF
ADC #114705

V.                                                  4:07CV00335-WRW

RAMAON SCRUGGS                                                                                   DEFENDANT

## ORDER

Plaintiff, an inmate at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on April 4, 2007.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n.

1

9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II. Plaintiff's Claims

According to Plaintiff's complaint, Defendant offered false testimony at his jury trial, which led to his conviction and 50 year sentence. Plaintiff requests an investigation, and that he be released from prison.

## III. Analysis

Because Plaintiff is seeking to be released from prison, his only federal remedy is a petition for a writ of *habeas corpus*. *See Wilson v. Lockhart*, 949 F.2d 1051 (8th Cir. 1991). To the extent that he may be seeking to impose liability upon Defendant for the testimony that Defendant offered at Plaintiff's trial, Plaintiff's complaint also fails to state a claim upon which relief may be granted. Witnesses, including police officers, are immune from civil liability for giving perjured testimony at any criminal proceeding. *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983). Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

## IV. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint (docket entry #2) is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

     3.     The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED 18th day of April, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE